UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

DANIEL HINTON,
    Plaintiff

4:24-cv-4217

vs.

ORDER

UNITED STATES MARSHALL (sic) SERVICE,
    Defendant

---

Pending before the Court is Plaintiff's pro se complaint against the United States Marshals Service, SD Southern District, Director, (Doc. 1), along with a motion to proceed in forma pauperis, (Doc. 2), and a motion to appoint counsel, (Doc. 3). For the following reasons, the Court grants the motion for in forma pauperis status, denies the motion for appointment of counsel, and dismisses the complaint.

## I. Motion for Leave to Proceed In Forma Pauperis

Plaintiff Hinton seeks in forma pauperis status in conjunction with his lawsuit. (Doc 2). A person may be permitted to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets" the person possesses, and also states "that the person is unable to pay such fees or give

1

security therefore." 28 U.S.C. § 1915(a)(1). The Eighth Circuit has established parameters for addressing in forma pauperis motions. In *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982), the court determined that a petitioner's financial status should first be evaluated, and screening under 28 U.S.C. § 1915 should follow. *Id.* The court recognized that the applicant need not establish "absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). See also *Babino v. Janssen & Son*, 2017 WL 6813137, at *1 (D.S.D. 2017). The District Court's task is to determine whether the plaintiff's allegation of poverty is true, and that determination is within the court's discretion. *Lee*, 231 F.3d at 459. Plaintiff has submitted sufficient documentation to establish that he should be permitted to proceed in forma pauperis. He has reported employment generating $500-800/month salary, expenses of $500/month for housing, and ownership of a vehicle. (Doc. 2). He reports no other assets or sources of income. The determination of in forma pauperis status means his claims will be screened under 28 U.S.C. § 1915(e).

## II. Legal standard

Because Plaintiff is proceeding *in forma pauperis*, the court must screen his complaint in accordance with 28 U.S.C. § 1915(e). *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. AR. 2016); *Lundahl v. JP Morgan Chase Bank*, 2018 WL 3682503 (D. S.D. 2018). The statute provides as follows:

> Notwithstanding any filing fee, ... the court shall dismiss the case at any time if the court determines that— ...
>
> B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In screening a plaintiff's pro se complaint, the court must liberally construe it and assume as true all facts well pleaded in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A reviewing court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 675. If it does not contain these bare essentials, dismissal is appropriate. The court is not required to construct legal theories for the plaintiff to enable the case to proceed. *Marglon v City of Sioux Falls Police Dept.*, 2020 WL 906521, *2 (D.S.D. Feb. 24, 2020) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

### III. Analysis

Plaintiff names the United States Marshall (sic) Service, District of South Dakota, Southern District Director as the Defendant in his lawsuit. He alleges there "could be" a violation of the United States Constitution based on "entrapment" and also "could be violating" of the Constitution based on the right to be secure in one's person and places. (Doc. 1, PgID 1). He appears to allege that there were "patrolling field operations" on an unspecified date in November 2024, when he left a medical marijuana dispensary on a bike and felt "darkening atmosphere and tension." (Id.). Further, "headlights in odd places were noted." (Id.). He asserts "he could have been violated by entrapment" (although it is not clear) perhaps by undercover officers with headlights on, and perhaps in the vicinity of a boy on a bicycle. (Id., PgID 3). He appears to further allege that he suffered a head injury when flying over handlebars, and that Jesus saved his life. (Id.). He seeks monetary damages of $30,000 for "distractions and harassment

4

resulting in dangerous conditions risking both severe injury or death of plaintiff" from defendants. (Id., PgID 3, 4). He alleges the wrongs alleged in the complaint continue to occur. (Id., PgID 4). He alleges a deprivation of rights under 42 U.S.C. § 1983. (Id., PgID 5).

It appears Plaintiff thinks there are "policy based routines of USMS" that caused them to patrol the vicinity where he was. (Id., PgID 3). He thinks they engaged in "attempts to remain anonymous." (Id.).

Plaintiff's legal theories do not support his claims, and the Court has been unable to find an alternative source of relief for him. First, 42 U.S.C. § 1983 applies only if a person acts "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia...." It does apply to state law enforcement officers but does not apply to a federal law enforcement service such as the United States Marshals. Therefore, Plaintiff does not have a claim under 42 U.S.C. § 1983.

If the Plaintiff were seeking relief against a federal officer, there might be an available path, but only if the Plaintiff has alleged a conceivable violation of the United States Constitution. Plaintiff has alleged entrapment, but the term does not appear in the Constitution and applies in a criminal case only where law enforcement officers have improperly induced a defendant to commit a crime. That does not apply in this case.

Plaintiff also has alleged that he was made not to be secure in his person and places. That appears to be a reference to the Fourth Amendment to the Constitution which reads as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const. Amend. IV. Plaintiff has not alleged that any search occurred. He has alleged that he perceived unidentified law enforcement to be patrolling in the area where he was. There is no indication other than his perceived "tension" in the atmosphere that any officers who may have been in the area seized him in any way. He asserts he fell off his bike, but there is nothing to indicate any law enforcement officer caused this.

Plaintiff's claims for $30,000 in damages based on "distractions and harassment" is unsupported in fact and law. He fails to state a claim for which relief can be granted. Therefore, the Court dismisses his complaint.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for in forma pauperis status is granted, Doc. 2;
2. Plaintiff's motion for appointment of counsel is denied, Doc. 3;
3. Plaintiff's complaint, Doc. 1, is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

Dated this \_\_\_10th\_\_\_ day of December, 2024.

                                            BY THE COURT:

                                            /s/ Lawrence L. Piersol
                                            Lawrence L. Piersol
                                            United States District Judge